UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| FRANK STALLINGS,<br>　　Petitioner,<br><br>V.<br><br>WARDEN BUTLER,<br>　　Respondent. | Civil No. 6: 14-223-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Frank Stallings is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Stallings has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court has granted Stallings's motion to waive payment of the filing fee by prior order. [R. 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Stallings's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

**Background**

On June 23, 2005, Stallings was arraigned in West Palm Beach, Florida and charged with possession with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. § 841(a) and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On April 12, 2006, Stallings agreed to plead guilty to the charges.

However, prior to the July 21, 2006, sentencing hearing, Stallings filed objections to the presentence report, contending that he should not be considered a career offender under U.S.S.G. § 4B1.1(a) because his two prior drug convictions were entered 12 and 14 years before his current offense, the prior convictions had not been proved by jury verdict, and applying the enhancement would triple his sentence, rendering it unreasonable under 18 U.S.C. §3553(a) and *United States v. Booker*, 543 U.S. 220 (2005). He therefore argued that he should be sentenced below the applicable guidelines range. But in his plea agreement Stallings had promised not to argue for a sentence below the guidelines range. Upon the government's motion, on July 24, 2006, the Court found Stallings in breach of the plea agreement and his guilty plea was ordered withdrawn.

The government then gave notice pursuant to 21 U.S.C. § 851 of its intent to seek enhanced penalties in light of Stallings's prior felony drug convictions. These included a March 7, 1995, Florida conviction in Case No. 93-7804-CF-AO2 for trafficking in cocaine, and an April 16, 1991, Florida conviction in Case No. 91-347-CF-AO2 for possession of marijuana with intent to sell. If either one of these prior offenses constituted valid predicates, under 21 U.S.C. § 841(b) Stallings faced a statutory minimum of 120 months imprisonment and a maximum of life in prison.

A few days later, Stallings agreed to plead guilty. At the sentencing hearing, Stallings did not challenge either the validity of his prior convictions or their use as valid

predicate offenses for the career offender enhancement. *United States v. Stallings*, No. 06-14542-HH, 2006 WL 5062504, at *8-9 (11th Cir. 2006) (Brief of Appellee). On July 31, 2006, the Court sentenced Stallings to serve a 240-month term of incarceration on each count to be served concurrently with one another. *United States v. Stallings*, No. 9:05-CR-80092-DTKH-4 (S.D. Fla. 2005). Assuming the validity of both predicate offenses, Stallings's offense level was 34, resulting in a guideline range of 262 to 327 months. *United States v. Stallings*, No. 06-14542-HH, 2006 WL 5062503, at *6 (11th Cir. 2006) (Brief of Appellant). Stallings's 240-month sentence was therefore below the guidelines range.

On direct appeal, Stallings did not challenge the propriety of using either conviction as a valid predicate for the career offender enhancement. Instead, he argued that his sentence was substantively unreasonable, even though the trial court exercised its discretion to depart downward by applying the minor role participant section found in U.S.S.G. § 3B1.2(b). On September 6, 2007, the Eleventh Circuit affirmed Stallings's sentence over his objection that it was unfair to apply U.S.S.G. § 4B1.1(a)'s career offender enhancement to him and that his sentence was substantively unreasonable. *United States v. Stallings*, 240 F. App'x 359 (11th Cir. 2007).

Stallings then filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he claimed, without explanation or elucidation, that his counsel was constitutionally ineffective and that his 1991 marijuana conviction did not constitute a valid predicate offense to support the career offender enhancement. In recommending denial of the latter claim, the government noted that:

> In any event, however, the conviction clearly was a qualifying one. The details are set forth in paragraph 52 of movant's PSI. According to the probable cause affidavit, movant was the driver of a vehicle which engaged police in a high-speed chase. The vehicle was later searched and found to contain 14 small baggies of marijuana. Movant pled and was adjudicated

3

> guilty of possession of marijuana with intent to sell, and sentenced to 18 months imprisonment. This qualifies as a "prior felony conviction" for a "controlled substance offense" under the plain language of USSG §4B1.1 (career offender provisions).

*Stallings v. United States*, No. 9:08-CV-81001-DTKH (S.D. Fla. 2008) [R. 8 therein, pp. 16-17]. The Court agreed, and denied Stallings's motion on February 18, 2009. The Eleventh Circuit denied a certificate of appealability on August 20, 2009.

On December 20, 2010, Stallings filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in which he argued that neither of his prior state drug convictions were valid predicate offenses to support the career offender enhancement. Citing *Johnson v. United States*, 559 U.S. 133 (2010) and *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), Stallings contended that his 1991 conviction involved less than 20 grams of marijuana and was therefore not punishable for more than one year under Fla. Stat. § 775.082-.084, and that his 1993 conviction involved less than 28 grams of cocaine and therefore did not constitute trafficking under Fla. Stat. § 893.135(1)(b). The district court denied the claim, finding that Stallings could not use § 2241 to challenge to his below-guidelines sentence, citing *Gilbert v. United States*, 640 F. 3d 1293, 1315 (11th Cir. 2011) (holding that 28 U.S.C. § 2255(e) "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."). The Eleventh Circuit confirmed that habeas relief was not available under § 2241 to address Stallings's claims of sentencing error. *Stallings v. Warden, FCC Coleman-Low*, No. 5:10-CV-675-JDW-TBS (M.D. Fla. 2010), *aff'd*, 519 F. App'x 675 (11th Cir. 2013).

In his current petition, Stallings again contends that his sentence was improperly enhanced, this time under *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013).

4

[R. 1, p. 5] Specifically, Stallings contends that the locus of conduct proscribed by Florida's cocaine trafficking statute, Fla. Stat. § 893.135, is broader than the generic version of controlled substances offenses set forth in U.S.S.G. § 4B1.2(b), and that his guidelines sentence was above the statutory minimum for his offenses. *Id*. at 7-8.

## Discussion

Stallings may not pursue his claims in this proceeding because his challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). This rule precludes resort to § 2241 to challenge career offender enhancements. *Cf. Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."). *See also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

This Court has therefore rejected claims brought by § 2241 petitioners alleging that the sentencing court improperly enhanced their federal convictions based upon prior state convictions, and the Sixth Circuit has consistently approved this approach. *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-

5051 (6th Cir. Sept. 11, 2012) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241).

The Court notes parenthetically that even if Stallings could bring his claim under § 2241, *Descamps* does not assist him. Both the "categorical approach" and the "modified categorical approach" courts use to determine whether a prior state offense constitutes a valid predicate for application of the career offender enhancement are based upon Supreme Court precedent decided well before Stallings's conviction became final. *See Taylor v. United States*, 495 U.S. 575 (1990), *Shepard v. United States*, 544 U.S. 13 (2005). *Descamps* only clarified that resort to the modified categorical approach is not appropriate where the underlying state conviction was pursuant to an indivisible statute. *Descamps*, 133 S. Ct. at 2284-86. Stallings makes no allegation that the government or the trial court impermissibly analyzed his prior offenses using the modified categorical approach when Fla. Stat. 893.135 is an indivisible statute. Indeed, his assertion that the Florida statute is broader than the generic federal version of his offenses suggest his belief that the statute is divisible rather than indivisible.

Factually, the information provided by Stallings supports, rather than undermines, the use of the enhancement. On July 29, 1993, an information was filed in West Palm Beach charging Stallings with possession with intent to sell 28 or more grams of cocaine. [R. 1-1] The pertinent Florida statute provides:

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is **knowingly in actual or constructive possession of, 28 grams or more of cocaine**, as described in s. 893.03(2)(a)4., or of any

6

> mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, **commits a felony of the first degree, which felony shall be known as "trafficking in cocaine,"** punishable as provided in s. 775.082, s. 775.083, or s. 775.084. If the quantity involved:
>
> a.   Is 28 grams or more, but less than 200 grams, such person shall be sentenced to **a mandatory minimum term of imprisonment of 3 years**, and the defendant shall be ordered to pay a fine of $50,000.

Fla. Stat. 893.135(1)(b)1a (emphasis added).  Stallings thus faced a mandatory minimum three year prison term for this state offense.  At his federal trial, Stallings pled guilty, and in doing so admitted not only his commission of the underlying state offenses but the applicability of the career offender enhancement under U.S.S.G. § 4B1.1.  *United States v. Stallings*, No. 06-14542-HH, 2006 WL 5062504, at *8-9 (11th Cir. 2006) (Brief of Appellee). The information provided by the petitioner supports the trial court's conclusion that he had two prior felony convictions for controlled substance offenses within the meaning of § 4B1.1. Because Stallings has not presented either a legal or factual basis for habeas relief, his petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Stallings's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Dated May 18, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY